J. MILLER POTTER, Appellant, v. JOHN ROSS et al., Respondents.— Appeal from a judgment granted by an Official Referee and entered in Delaware County April 9, 1952. The complaint which seeks an adjudication that plaintiff is the owner of a farm to which he took title in 1926, is directed against the validity of a judgment of foreclosure and sale and a Referee's deed by virtue of the judgment. The judgment which was entered in the foreclosure action after a trial in which this plaintiff contested the action as a defendant on the merits accurately described the land in dispute and barred this plaintiff from any title therein. The Referee's deed contained a description following the judgment but in additional language excepted and reserved certain pieces which had been sold off. Judge SANTRY who tried this case has found that the variance in the mortgage and deed is not substantial and found that the deed and the mortgage referred to the same property. We think there is very strong support in the record for this finding. Further there has been open and undisturbed possession by defendants since 1929, a period of twenty-one years before this action was instituted, and this establishes good title in defendants even assuming defects in the foreclosure judgment. (Civ. Prac. Act, §§ 37, 38.) Finally the action, which was not commenced until 1950, is barred by the Statute of Limitations. We think the Official Referee was entirely right in his judgment and it should be affirmed. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE R. SEYMOUR, Appellant.— Appeal from a judgment of the Schenectady County Court rendered May 20, 1952, upon a jury verdict convicting defendant of the crimes of forgery, second degree, and grand larceny, first degree. Defendant appeals from a judgment of conviction of the crimes of forgery in the second degree and grand larceny in the first degree. The evidence clearly establishes without contradiction that on August 23, 1951, the defendant forged the name of another without permission to an automobile rental agreement at a garage in Schenectady, and thereby obtained possession of an automobile which was to be returned the following day. Several months later defendant was apprehended in California while operating the same automobile which was there involved in an accident. There is testimony that the automobile was of the value of $1,700; that it had been driven some 11,000 miles after defendant obtained it, and that he admitted driving it to California and elsewhere, and at the time of the trial, April 24, 1952, the car had not been returned. Seven witnesses were called by the People, and the defendant's guilt of both the forgery and the larceny was clearly established. Defendant was represented at the trial by assigned counsel, and the record discloses that he participated in the trial actively and vigorously and exerted every effort to protect the defendant's rights. Defendant now complains that he wanted to take the witness stand at the trial but was prevented by his counsel. The record clearly indicates, however, that while counsel advised him not to take the witness stand, the ultimate decision was left to defendant. Much of defendant's brief is taken up with statements of fact which are not in the record and may not be considered on this appeal. The record discloses that defendant had a fair trial and that the verdict of the jury is amply supported by the evidence. Judgment of conviction unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.